# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJEANNE BERNIER and HANS CROTEAU,<br><br>                          Plaintiffs,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, et al.,<br><br>                          Defendants. | Case No.:  17cv1028-MMA (BLM)<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND**<br><br>[Doc. No. 3]<br><br>**GRANTING DEFENDANT'S MOTION RE: VEXATIOUS LITIGANTS**<br><br>[Doc. No. 4] |

On May 18, 2017, Plaintiffs Rejeanne Bernier ("Bernier") and Hans Croteau ("Hans"), proceeding *pro se*, commenced this action by filing a complaint for breach of contract and breach of the covenant of good faith and fair dealing.  Doc. No. 1 ("Compl.").  The matters presently before the Court are Defendant Travelers Property Casualty Insurance Company's ("Travelers") "Motion to Dismiss Under FRCP 12(b)(6)" [Doc. No. 3-1 ("MTD")], and "Motion to Require Vexatious Litigant Plaintiffs to Obtain Court's Permission for Further Filing or Post Security" [Doc. No. 4-1 ("Vex. Mtn")].

Plaintiffs opposed both motions [Doc. No. 9 ("MTD Oppo."); Doc. No. 7 ("Vex. Oppo.")], and Travelers replied [Doc. No. 8 ("MTD Reply"); Doc. No. 10 ("Vex. Reply")].  The Court took the matters under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 11.  For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Travelers' motion to dismiss [Doc. No. 3] and **GRANTS** Travelers' motion re: vexatious litigants [Doc. No. 4].

## JUDICIAL NOTICE

Travelers requests the Court judicially notice 57 documents in support of its vexatious litigant motion and 7 documents in support of its motion to dismiss.  *See* Doc. Nos. 4-3 ("Requests for Judicial Notice"), 3-2.  All 7 of the documents in support of the motion to dismiss and 56 of the documents in support of the vexatious litigant motion are court filings.  *See* Requests for Judicial Notice, Exhibits 1-55; Doc No. 3-2, Exhibits 1-7.  The remaining documents include a settlement agreement for case no. 37-2011-00091919 ("case 91919") between Jessie Croteau ("Jessie"), ICS Professional Services, Inc. ("ICS"), and Travelers, and correspondence from Hans and Bernier regarding the proposed settlement of case 91919 and demand to act *pro se*.  Requests for Judicial Notice, Exhibits 56-57.  Plaintiffs also request the Court judicially notice 30 documents in support of their opposition to the motion to dismiss, which also consists of court filings.  *See* Doc. Nos. 7 at 33-38.

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Id.*; *see also* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  "[E]ven if a document is not attached to

a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). A court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may also judicially notice court filings in other tribunals and other matters of public record. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003).

The complaint relies on and references the settlement agreement in case 91919 (Requests for Judicial Notice, Exhibit 56) and Plaintiffs' correspondence demanding they be permitted to act *pro se* (Requests for Judicial notice, Exhibit 57). Therefore, they are appropriate for incorporation by reference. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-61 (9th Cir. 2012). Additionally, the court filings are appropriate for judicial notice. *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6; *Biggs*, 334 F.3d at 916 n.3. However, Travelers requests that the Court judicially notice some of the documents in both its request in support of the vexatious litigant motion and its request in support of the motion to dismiss. Additionally, Plaintiffs request the Court judicially notice some of the same documents as Travelers. Further, Plaintiffs do not attach Exhibits 23 through 30 to either of their oppositions.

As such, the Court **GRANTS** Travelers' request to judicially notice Exhibits 1-12, 14, and 16-57 attached in support of Travelers' vexatious litigant motion and Exhibits 2, 4, and 7 attached in support of Travelers' motion to dismiss, and **DENIES AS MOOT** Exhibits 13 and 15 attached in support of Travelers' vexatious litigant motion and Exhibits 1, 3, and 5-6 attached in support of Travelers' motion to dismiss. Additionally, the Court **GRANTS** Plaintiffs' request to judicially notice Exhibits 2-5, 7-8, 11-12, 15-

19, and 21-22, **DENIES AS MOOT** Exhibits 1, 6, 9-10, 13-14, and 20, and **DENIES** Exhibits 23-30.

<u>**MOTION TO DISMISS**</u>

Travelers moves to dismiss portions of Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a).[1]  *See* MTD.  Travelers argues that some of Plaintiffs' claims are barred by *res judicata* and that one claim fails to state a claim.  *See id.*  Plaintiffs oppose the motion.  *See* MTD Oppo.

*1.    **Relevant Background*** [2]

In 2004, Travelers issued a homeowners insurance policy ("Policy") to Bernier, which Travelers renewed annually until it cancelled the policy in 2011.  Compl. ¶ 8. Hans resided in Bernier's home and was a beneficiary of the Policy.  *Id.*

On August 26, 2007, Bernier filed a claim with Travelers for damage to her home caused by an unexpected rainstorm that struck after Jessie and ICS (Jessie's construction company) removed the roof.  Compl. ¶ 31.  Travelers' claim notes state that it needed to investigate conflicting claims between Jessie and Bernier, but Bernier alleges that Travelers instead closed her insurance claim without compensating her or defending her against Jessie and ICS in a related construction lawsuit.  *Id.*

On May 26, 2011, Attorney Patrick Howe, on behalf of Jessie and ICS, filed a lawsuit against Plaintiffs for malicious prosecution in case 91919.  Compl. ¶¶ 9, 31. Pursuant to the Policy, Travelers defended Plaintiffs under a complete reservation of rights, but did not indemnify Plaintiffs against the malicious prosecution claim.  Compl. ¶¶ 10, 33.

---

[1] Travelers states that it is moving to dismiss all of Plaintiffs claims, but fails to address one of three allegations supporting Plaintiffs' causes of action.  *See* MTD.

[2] The Court must accept as true the allegations set forth in the complaint in determining the pending motion to dismiss.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).  However, the Court does not make any findings of fact.

In September 2012, Bernier filed for bankruptcy, which stayed case 91919. Compl. ¶ 11. Unbeknownst to Plaintiffs, Travelers negotiated a $325,000 settlement with Jessie, ICS, and their attorney in October 2012. Compl. ¶12. When Plaintiffs learned of the settlement, they informed Travelers a conflict had arisen and demanded to substitute Travelers' appointed attorneys so that Plaintiffs could proceed *pro se*. Compl. ¶ 13. Travelers denied Plaintiffs' requests to proceed *pro se* and claimed that the Policy permitted Travelers to settle any claim it deemed appropriate. Compl. ¶ 14.

Jessie and ICS subsequently moved for relief from Bernier's bankruptcy stay to consummate the settlement with Travelers. Compl. ¶ 16. The bankruptcy court granted their relief and gave Bernier notice of her right to file suit regarding the negotiation and execution of the settlement in state court. *Id.* Bernier appealed the bankruptcy court's order to the Ninth Circuit Bankruptcy Appellate Panel. *Id.* While the appeal was pending on December 24, 2012, Travelers executed the settlement, which listed Plaintiffs as third party beneficiaries. Compl. ¶¶ 17, 18. Thereafter, the Ninth Circuit Bankruptcy Appellate Panel dismissed Bernier's appeal as moot. Compl. ¶ 18.

On July 22, 2013, Plaintiffs filed a complaint for breach of contract, bad faith, and declaratory relief through their attorneys, Glenn Rosen and the Rosen Law Firm, against Travelers in state court, case no. 37-2013-58680-CU-BC-CTL ("case 58680"), seeking damages caused by Travelers' refusal to relinquish control of Plaintiffs' defenses and execution of the settlement in case 91919. Compl. ¶¶ 19, 41. On May 20, 2015, the state court dismissed case 58680 with prejudice for Plaintiffs' failure to each post $50,000 in order to maintain their lawsuit. Compl. ¶ 20. Plaintiffs appealed the state court's dismissal order and the appellate court dismissed the appeal. Compl. ¶ 21.

On February 16, 2017, Plaintiffs were each served with deposition subpoenas in San Diego Superior Court case no. 37-2015-38886-CU-NP-CTL ("case 38886"), a malicious prosecution case filed by Jessie and ICS against Plaintiffs' attorneys for their representation of Plaintiffs in case 58680 and case 91919. Compl. ¶ 22. Jessie and ICS

allege they successfully sued Plaintiffs in case 91919.  Compl. ¶ 23.  Plaintiffs allege case 38886 violates case 91919's settlement.  Compl. ¶ 23.

Plaintiffs filed a claim with Travelers for an attorney and for damages from Mr. Howe's deposition subpoenas in case 38886.  Compl. ¶ 24.  Travelers denied the claim on the grounds that Plaintiffs were not named directly in the lawsuit and because the allegations were filed after Travelers cancelled the Policy in 2011.  *Id.*  Additionally, Travelers did not respond to Plaintiffs' claim of damages caused by violating case 91919's settlement.  *Id.*

On April 14, 2017, Plaintiffs lodged with Travelers "voluminous documents" Plaintiffs had filed in case 38886 and requested Travelers review the documents and protect Plaintiffs' rights.  Compl. ¶ 25.  On April 25, 2017, Plaintiffs submitted a revised insurance claim with Travelers and attached a copy of a draft federal complaint against them.  *Id.*  Even though the draft complaint demanded less than what Travelers owed Plaintiffs, Travelers rejected Plaintiffs' demand.  Compl. ¶ 26.

Accordingly, Plaintiffs allege that Travelers breached the Policy contract and breached the covenant of good faith and fair dealing by: (1) improperly settling case 91919, causing damages in excess of $200,000; (2) improperly causing the dismissal of case 58680; and (3) refusing to represent Plaintiffs in case 38886. Compl. ¶¶ 27-52.  Plaintiffs allege these breaches caused special damages in the amount of $2,914,725 and general damages.  *Id.*  In addition to monetary damages, Plaintiffs seek declaratory relief. Compl. ¶¶53-57.

## 2.   *Legal Standard*

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard demands more

than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## 3. *Analysis*

Travelers contends that its alleged improper settlement in case 91919 has already been adjudicated in the San Diego Superior Court, that the judgment is entitled to full faith and credit, and therefore, this Court is precluded from considering this claim. MTD at 2. In addition, Travelers contends that its declination to defend Plaintiffs against a deposition subpoena served in case 38886 should be dismissed because Travelers' was not required to defend them under the Policy. MTD at 2-3. Travelers does not challenge Plaintiffs' contention that it improperly caused the dismissal of case 58680. *See* MTD.

### A. *Full Faith and Credit Clause*

Travelers asserts that the Full Faith and Credit Clause of the United States Constitution precludes Plaintiffs from re-litigating the breach of contract and breach of the covenant of good faith and fair dealing claims resulting from Travelers improper settlement of case 91919. MTD at 8. Plaintiffs contend that *res judicata* does not bar the

instant action because the prior action was dismissed with prejudice pursuant to a vexatious litigant finding, which is not a final judgment on the merits. MTD Oppo. at 19-21.

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered' under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). "To determine the preclusive effect of a state court judgment, federal courts look to state law." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "Under California law, res judicata precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (Cal. 2002)).

Generally, a dismissal of a case with prejudice is a final judgment on the merits, and therefore bars subsequent suits on the same cause of action. *Torrey Pines Bank v. Superior Court (White)*, 216 Cal. App. 3d 813, 820-21 (Cal. Ct. App. 1989). However, "a mere statement that a judgment of dismissal is 'with prejudice' is not conclusive. It is the nature of the action and the character of the judgment that determines whether it is res judicata." *Gagnon Co. v. Nevada Desert Inn, Inc.*, 45 Cal. 2d 448, 455 (Cal. 1955). California law regarding vexatious litigants specifies that "[e]xcept for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3, no determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof." Cal. Code Civ. Pro. § 391.2. Section 391.3(b) states that the court must dismiss the litigation if it finds it "has no merit and has been filed for the purposes of harassment or delay." Cal. Code Civ. Pro. § 391.3(b).

8

Travelers asserts that Plaintiffs' improper settlement claim is the same allegation presented in case 58680. MTD at 8. Travelers contends that, in case 58680, the San Diego Superior Court dismissed Plaintiffs' improper settlement claims with prejudice. In this regard, Travelers contends that it prevailed in the San Diego Superior Court action on the merits of the case and thus, this action is barred by the doctrine of *res judicata*. *See id.*

In case 58680, Plaintiffs filed a complaint against Travelers for breach of contract, bad faith, and declaratory relief caused by "Travelers' refusal to relinquish control of Plaintiffs' defenses to case 91919 and Travelers' payment of $325,000 to Jessie, ICS, and Howe to execute the settlement." Compl. ¶ 19; *see* Doc. No. 3-2, Exhibit 2; *see also* Requests for Judicial Notice, Exhibit 11. On November 24, 2014, Travelers filed a "Motion to Require Vexatious Litigant Plaintiffs to Post a Security" pursuant to California Code of Civil Procedure §§ 391-391.3. *Bernier v. Croteau*, 37-2013-00058680-CU-BC-CTL, Register of Actions No. 159, (Nov. 16, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml; *see* Requests for Judicial Notice, Exhibit 13. After reviewing the parties' briefing, the San Diego Superior Court determined that Plaintiffs are vexatious litigants and found there was no reasonable probability that they would prevail on any of their alleged causes of action. *See* Requests for Judicial Notice, Exhibit 13. Thus, the San Diego Superior Court ordered Plaintiffs to each furnish security in the amount of $50,000 under California Code of Civil Procedure § 391.3(a). *See* Cal. Code Civ. Pro. § 391.3(a) (stating that the court finds a litigant vexatious under this section if "there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant"); Doc. No. 3-2, Exhibit 4. After Plaintiffs failed to post the security bond, the San Diego Superior Court dismissed Plaintiffs' complaint "with prejudice." Doc. No. 3-2, Exhibit 4; *see also* Cal. Code Civ. Pro. § 391.4.

The San Diego Superior Court dismissed the action relied upon by Travelers for its *res judicata* argument due only to Plaintiffs' failure to post the $50,000 security as

17cv1028-MMA (BLM)

ordered by the court pursuant to California Code of Civil Procedure § 391.3(a). *Id.* California law provides that such a dismissal does not involve a determination on the merits and, for that reason, the San Diego Superior Court did not reach a final judgment on the merits for purposes of barring this action under the Full Faith and Credit Clause or *res judicata. See Nguyen v. Sacramento County*, No. CIV S-03-2635 FCD EFB P, 2010 WL 580185, at *2 (E.D. Cal. Feb. 12, 2010) (finding that the state court dismissal with prejudice is not a final judgment on the merits); *Ensher v. Ensher, Alexander & Barsoom, Inc.*, 187 Cal. App. 2d 407, 411 (Cal. Ct. App. 1960) ("where the dismissal of an action does not purport to go to the merits of the case, the trial court has no authority to include within the judgment of dismissal an order which in effect precludes the plaintiff from instituting another action"); *Crowe v. Gogineni*, No. 2:11-cv-3438 JAM DAD PS, 2012 WL 6203124, at *12-13 (E.D. Cal Dec. 12, 2012) (finding *res judicata* did not bar litigation of the same claims where the prior case was dismissed with prejudice for a vexatious litigant's failure to post security even where the state court found the plaintiff had no reasonable probability of prevailing on the merits of the case); *see also* Cal. Code Civ. Pro. § 391.2. Accordingly, the Court **DENIES** Travelers' motion to dismiss Plaintiffs' improper settlement claims under the Full Faith and Credit Clause of the United States Constitution.

### B. Failure to Defend

Travelers next contends that Plaintiffs' claims arising out of "Travelers' declination to provide defense counsel to [P]laintiffs in their depositions in case no. 8886," must be dismissed because Travelers has no duty to defend Plaintiffs in claims or suits not against Plaintiffs. MTD at 9.

A federal court sitting in diversity must apply state law in construing an insurance policy. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Under California law, ordinary rules of contract interpretation apply to insurance policies. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (Cal. 1992). "To determine whether a duty

to defend is present, a court 'compar[es] the allegations of the third party complaint with the terms of the policy." *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 983 (9th Cir. 2002) (quoting *El-Com Hardware, Inc. v. Fireman's Fund Ins. Co.*, 92 Cal. App. 4th 205, 212 (Cal. Ct. App. 2001)). The test is "whether the *underlying action for which defense . . . is sought* potentially seeks relief within the coverage of the policy." *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal. 4th 27, 44 (Cal. 1994) (emphasis in original). "If the alleged injuries against the claimant by the insured are within the terms of the policy, then the duty to defend attaches regardless of the insurer's determination that the suit is without merit." *Farmer v. Allstate Ins. Co.*, 311 F. Supp. 2d 884, 890-91 (C.D. Cal. 2004) (citing *Wausau Underwriters Ins. Co. v. Unigard Sec. Ins. Co.*, 68 Cal. App. 4th 1030, 1045 (Cal. Ct. App. 1998)). The only time a duty to defend does not exist is where there is "no possibility of coverage." *Waller v. Truck Ins. Exch. Inc.*, 11 Cal. 4th 1, 19 (Cal. 1995) (quoting *Fire Ins. Exchange v. Abbott*, 204 Cal. App. 3d 1012, 1029 (Cal. Ct. App. 1988)). Thus, the duty to defend arises when, based on the allegations of the complaint or on extrinsic facts known by the insurer at the inception of a third party lawsuit, "a suit *potentially* seeks damages within the coverage of the policy." *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (Cal. 1993) (emphasis in original).

Travelers' policy states that it will defend the insured "[i]f a claim is made or a suit is brought against any insured for damages . . ." Compl., Exhibit A. Plaintiffs claim that Travelers had a duty to provide defense counsel to Plaintiffs in their depositions in case 38886 filed by Jessie and ICS against Glenn Rosen and the Rosen Law firm over their prior representation of Plaintiffs in case 58680 and case no. 37-2014-11015 ("case 11015"). Compl. ¶ 46. In case 38886, Jessie and ICS alleged that Glenn Rosen and the Rosen Law Firm continued to represent Bernier and Hans in multiple lawsuits against Jessie and ICS despite "not believ[ing] the claims made in such lawsuits were valid." Requests for Judicial Notice, Exhibit 16 at 5. Jessie and ICS prayed for relief from Glenn Rosen and the Rosen Law Firm, not Plaintiffs. *Id.* at 6. Thus, no claim was made and no

suit was brought against Bernier or Hans for damages arising from case 38886 and Travelers had no obligation to defend them. *See Waller*, 11 Cal. 4th at 18; *see also Montrose*, 6 Cal. 4th at 295. Accordingly, the Court **GRANTS** Travelers' motion to dismiss Plaintiffs' failure to defend claims without leave to amend. *See Knappenberger*, 566 F.3d at 942 (stating that the court should grant leave to amend unless plaintiffs could not possibly cure the defects in the pleading).

## VEXATIOUS LITIGANTS

Travelers also moves the Court "for an order that the Clerk of this Court may not file or accept any further pleadings, papers or documents from Plaintiffs which pertain to Travelers policy no. 970625623 without first obtaining leave of the Court," or to require Plaintiffs to post security. Vex. Mtn at 4; *see also* Vex. Reply. Plaintiffs oppose the motion. *See* Vex. Oppo.

### *1.*   *Relevant Background*

Travelers contends that this is the fourth lawsuit Plaintiffs have filed against Travelers for breach of insurance contract, insurance bad faith, and declaratory relief for its alleged refusal to defend Plaintiffs in various lawsuits, all of which arise from the 2007 remodel of Bernier's home on Maury Drive ("Maury Property"). Vex. Mtn at 4. Plaintiffs have filed 17 lawsuits arising from the 2007 remodel and repair of the Maury Property. *Id.* These cases allege "wrongs ranging from breach of contract against subcontractors, including Jessie (Bernier's son and Hans' brother), to bad faith against Travelers, to legal malpractice against several of their former attorneys." *Id.* Travelers further states that "Plaintiffs have been declared vexatious litigants in several lawsuits arising out of the 2007 remodel of the Maury Drive Property."[3] *Id.* When those actions failed, Plaintiffs filed a lawsuit against the San Diego County District Attorney's Office, the California State Attorney General, the State of California, and other defendants

---

[3] Hans was also declared a vexatious litigant in the San Diego County Superior Court in 2005 for a different matter. Requests for Judicial Notice, Exhibit 45.

alleging conspiracy and corruption among private individuals and public officials in connection with the California vexatious litigation statute and court orders declaring Plaintiffs vexatious litigants. *Id.*

## 2. *Legal Standard*

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, such orders are an extreme remedy that should rarely be used. *Id.* (citing *De Long v. Hennesy*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.* at 1057.

The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious litigant, a court must find that: (1) the plaintiff had notice of the motion and an opportunity to be heard; (2) there was an adequate record for review showing that the litigant's activities were numerous and abusive; (3) the court has made substantive findings as to the frivolousness or harassing nature of the litigant's actions; and (4) the order has an appropriate breadth and is narrowly tailored to fit the specific vice encountered. *Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1147-48).

"To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotations and citation omitted). "[E]ven if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* (quoting *De Long*, 912 F.2d at 1148). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Id.* (quoting *De Long*, 912 F.2d at 1148). "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id.* at 1064-65 (holding that the district court

abused its discretion by failing to consider whether "imposing sanctions such as costs or fees on the [plaintiffs] would have been an adequate deterrent").

### 3. *Analysis*

#### A. *Notice*

The first *De Long* factor requires that the litigants be given notice and an opportunity to be heard. *See De Long*, 912 F.2d at 1147. Plaintiffs concede that the first factor is met. Vex. Oppo. at 8. Plaintiffs were served with Defendant's "Motion to Require Vexatious Litigant Plaintiffs to Obtain Court's Permission for Further Filings or Post Security" on July 7, 2017. *See* Doc. No. 4-9 at 2. Plaintiffs were given an opportunity to, and did, file a response to Travelers' motion. *See* Vex. Oppo. Thus, the Court finds that the first *De Long* factor has been satisfied. *See Molski*, 500 F.3d at 1058-59 (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)) (finding that opportunity to brief the issue was sufficient without providing an oral or evidentiary hearing).

#### B. *Adequate Record*

The second *De Long* factor requires that the Court set forth an adequate record for review, which lists "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" and must at least "show, in some manner, that the litigant's activities were numerous or abusive." *De Long*, 912 F.2d at 1147.

Travelers contends this factor is satisfied because its request for judicial notice includes 57 exhibits containing the relevant records for 17 cases relating to the 2007 remodel of the Maury Property filed in this Court or in state courts. Vex. Mtn at 16. Travelers states that this list of cases and motions permit the Court to conclude that a vexatious litigant order is needed. *See id.* Plaintiffs contend the second factor fails because Travelers has "shown only a record of reasonable, albeit numerous litigation." Vex. Oppo. at 8. Travelers replies that the 17 lawsuits at least show that Plaintiffs activities are numerous and abusive. *See* Vex. Reply at 3.

The Court has reviewed each of the 17 cases relating to the Maury Property remodel in 2007.  These cases and their dispositions are listed below:

| Case Number and Court | Case Name | Disposition |
|---|---|---|
| 10cv1698-LAB (POR)<br>United States District Court for the Southern District of California | *Bernier, et al. v. Croteau, et al.* | Dismissed without prejudice via Plaintiffs' voluntary dismissal |
| 2011-91919-CU-NP-CTL<br>San Diego Superior Court | *[Jessie] Croteau, et al. v. Bernier, et al.* | Bernier's cross-complaint was stricken and complaint settled by Travelers |
| 37-2013-58680-CU-BC-CTL<br>San Diego Superior Court | *Bernier, et al. v. Croteau and Travelers* | Judgment entered in favor of Travelers for Plaintiffs failure to post security |
| 37-2014-11015-CU-BC-CTL<br>San Diego Superior Court | *Bernier, et al. v. Croteau, et al.* | Complaint was stricken and judgment entered in favor of Defendants |
| 37-2015-38886-CU-NP-CTL<br>San Diego Superior Court | *[Jessie] Croteau, et al. v. Glenn T. Rosen et al.* | Judgment entered in favor of Plaintiffs |
| 37-2007-76023<br>San Diego Superior Court | *Bernier v. Jessie Croteau, et al.* | Judgment entered in favor of Defendants on the complaint and entered in favor of cross-defendant Bernier on the cross-complaint |
| 11cv78-JLS (RBB)<br>United States District Court for the Southern District of California | *Bernier v. Travelers Property Casualty Ins. Co., Inc.* | Travelers' motion for summary judgment was granted |
| 37-2007-72488<br>San Diego Superior Court | *South Coast Pool Plastering, Inc. v. Bernier* | Case settled and the Court granted a stipulated judgment against Bernier |
| 37-2011-97681-CU-BC-CTL<br>San Diego Superior Court | *Bernier v. Freedman* | Bernier dismissed the action with prejudice because the case settled |
| 37-2008-87054-CU-BC-CTL<br>San Diego Superior Court | *Hans Croteau v. Jessie Croteau and ICS Professional Services* | Hans awarded nothing and Jessie awarded costs after trial |

17cv1028-MMA (BLM)

| 37-2011-97017-CU-BC-CTL<br>San Diego Superior Court | *Bernier v. Dearn* | Bernier was declared a vexatious litigant and required to post security |
|---|---|---|
| 37-2011-97016<br>San Diego Superior Court | *Bernier v. Royal Electric, Inc.* | Bernier deemed a vexatious litigant and case dismissed with prejudice |
| 37-2011-101949<br>San Diego Superior Court | *Bernier v. Parker Stanbury LLP* | Demurrer sustained as to First Amended Complaint without leave to amend and judgment entered in favor of Defendant |
| 12-12593-MM13<br>U.S. Bankruptcy Court for the Southern District of California | *In re Bernier* | Dismissed without prejudice |
| 12-12593-MM13 Adversary Proceedings<br>U.S. Bankruptcy Court for the Southern District of California | *In re Bernier* | Dismissed without prejudice |
| 37-2010-83059<br>San Diego Superior Court | *Bernier v. Herron* | Summary Judgment granted in favor of Defendants and case dismissed |
| 37-2011-102822<br>San Diego Superior Court | *Bernier v. Travelers, et al.* | Bernier voluntarily dismissed case without prejudice |

Thus, an adequate record exists to support a vexatious litigant finding. *See Pierce v. U.S. Government*, No. CV 16-8010-VAP (JEM), 2016 WL 6581156, at *2 (C.D. Cal. Nov. 7, 2016) (fifteen frivolous cases constituted adequate record).

### C. Substantive Findings as to the Frivolous Nature of Plaintiffs' Actions

Under the third *De Long* factor, the Court must "look at both the number and contents of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (citations and quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also patently without merit." *Id.* (citations and quotation marks omitted). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148).

Travelers asserts that "the record clearly supports a substantive finding as to the frivolous or harassing nature of Plaintiffs' litigation history." Vex. Mtn at 17. It claims that each of the 18 lawsuits (including the instant action) make "baseless and exaggerated claims of injuries," which were mostly dismissed and "prompted at least two courts to emphasize in their written decisions that Plaintiffs lacked all credibility." *Id.* Further, Travelers contends that this action should be dismissed because Plaintiffs have already sued Travelers for the exact same grievances alleged in this case. *Id.* Thus, Travelers concludes that "Plaintiffs' claims exceed any notion of legitimacy and were made for the purpose of coercing settlement." *Id.* Plaintiffs contend that the fact they have "pled the same set of facts is evidence they're telling the truth." Vex. Oppo. at 22-23. Additionally, Plaintiffs assert that because Travelers was a defendant in only 3 of the 17 cases, it cannot use the other 14 cases to support its argument that Plaintiffs are vexatious litigants. *Id.* at 24.

Plaintiffs can be declared vexatious litigants where the defendant in the current action is not a defendant in prior actions. *See Molski*, 500 F.3d at 1059 (noting that Molski filed numerous claims against numerous businesses). Further, Plaintiffs can be declared vexatious litigants even if some of their claims have merit if their filings show a pattern of harassment. *Ringgold-Lockhart*, 761 F.3d at 1064. Courts should "be careful not to conclude that particular types of actions filed repetitiously are harassing, and must instead discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id.* (internal quotations, citations, and alterations omitted). The Ninth Circuit has identified five factors courts should consider in determining whether a party's litigation qualifies as frivolous or harassing:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1062.

Having considered these five factors, the Court concludes Plaintiffs are vexatious litigants. The first and second factors weigh heavily in favor of declaring Plaintiffs vexatious. Bernier has filed at least 15 lawsuits and Hans has filed at least 5 lawsuits, all seeking monetary damages for alleged wrongs arising from the 2007 remodel of the Maury Property or the following litigation that ensued. The San Diego Superior Court, where majority of the cases were filed, found Plaintiffs to be vexatious litigants. *See* Requests for Judicial Notice, Exhibits 1, 12, 17, 29, 32, 44, 45. Further, Plaintiffs were found to lack credibility with respect to the factual scenario giving rise to these actions in at least two cases. *See* Requests for Judicial Notice, Exhibits 19, 28. Additionally, Plaintiffs' settlement demand prior to filing this action illustrates the duplicative nature of the lawsuit. Plaintiffs demanded $2,914,725 "in complete settlement of all our claims," including $1,400,000 from case 5860, $1,400,000 in interest since 2007, $50,000 in attorneys' fees and costs for case 58680 and case 11015, $60,000 in judgments Jessie and ICS obtained against Plaintiffs in violation of the settlement from case 91919, and $4,725 "in damages to Hans' capitalistic venture." Doc. No. 4-2, Declaration of Joyce C. Wang in Support of Travelers' Motion to Require Vexatious Litigant Plaintiffs to Obtain Court's Permission for Further Filings or Post Security ("Wang Decl."), Exhibit A.

Further, the similarities of the complaints filed by Bernier and Hans suggest to this Court that Plaintiffs may be attempting to circumvent the outcome of Plaintiffs' prior cases and the California Superior Court's order declaring Bernier a vexatious litigant with respect to the Maury Property cases. *See Loumena v. Kennedy*, No. 15-CV-00951-LHK, 2015 WL 5963988, at *16 (N.D. Cal. Oct. 13, 2015) (noting that a vexatious litigant was trying to circumvent orders declaring her a vexatious litigant by filing cases through the plaintiff). This illustrates the harassing, vexatious, and duplicative nature of this action.

Further, several of the prior cases explained that Plaintiffs had no probability of prevailing on the merits of their actions.

The third factor asks the Court to consider whether Plaintiffs are *pro se*. *Ringgold-Lockhart*, 761 F.3d at 1062. The record amply shows that Plaintiffs litigation has been frivolous and harassing. In fact, Plaintiffs have frequently filed legal malpractice lawsuits in an attempt to prove their cases have merit. *See* Requests for Judicial Notice, Exhibits 25-26, 33-34, 37-40, 49-50. Plaintiffs concede that they "contacted numerous attorneys to file the instant federal litigation[, but] were turned down due to the convolutedness of said proposed federal litigation, [their] extensive litigation history, and in some cases, the Court's prior declarations that [they] had been declared to be . . . vexatious litigant[s]." Vex. Oppo. at 34, 37. Further, "pro se litigants are not immune from a vexatious litigation finding." *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *11 (N.D. Cal. Mar. 10, 2015) (internal quotation marks and citation omitted). Thus, the third factor weighs in favor of declaring Plaintiffs vexatious litigants.

The fourth factor also weighs in favor of declaring Plaintiffs vexatious litigants. Plaintiffs' prior lawsuits have required Travelers and the Court to duplicate effort to address similar claims before different judges. Indeed, one judge found that Bernier "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Requests for Judicial Notice, Exhibit 29 at 2. In the instant action, Plaintiffs have filed roughly 1,500 pages of documents in support of their oppositions to Travelers' motion to dismiss and vexatious litigant motion. *See* Doc. Nos. 7, 8. Majority of the exhibits, spanning over a thousand pages, evince Plaintiffs' frivolous or harassing practices. For example, in case 58680, Plaintiffs propounded 158 requests for production of documents, 94 requests for admission, and 284 special interrogatories. Doc. No. 8 at 72-419. Thus, Plaintiffs have caused unnecessary expense to opposing parties and have posed an unnecessary burden on the courts.

The fifth and final factor also weighs in favor of declaring Plaintiffs vexatious litigants. Based on the prior lawsuits and Plaintiffs' attempts to file lawsuits in the San Diego Superior Court notwithstanding being declared vexatious litigants, the court does not believe that other sanctions would adequately protect the courts and prospective defendants. *See Ringgold-Lockhart*, 761 F.3d at 1062.

Plaintiffs' previous filings are numerous, harassing, meritless, and largely duplicative or repetitive. In addition to the Court's analysis above, the following summaries of the 17 cases adequately demonstrate the frivolous and harassing nature of Plaintiffs' litigations:

### 1. Case No. 37-2007-72488

On August 6, 2007, South Coast Pool Plastering, Inc. ("South Coast") filed a malicious prosecution action against Bernier ("case 72488"). Requests for Judicial Notice, Exhibit 23. South Coast alleged that Bernier filed a lawsuit against it on March 9, 2007, which she knew lacked merit and filed for the improper purpose and desire to annoy and wrong South Coast. *Id.* at 2. In that case, the court granted summary judgment in favor of South Coast. *Id.* Case 72488 went to trial on August 11, 2008, but the parties ultimately entered into a settlement agreement. *South Coast Pool Plastering Inc. v. Bernier*, 37-2007-72488-CU-NP-CTL, Register of Actions nos. 80, 111 (Nov. 14, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml; Requests for Judicial Notice, Exhibit 24. On November 17, 2009, the court found Bernier had breached the settlement agreement and, pursuant to a stipulation for entry of judgment, entered judgment against Bernier in the amount of $9,036.45. Requests for Judicial Notice, Exhibit 24.

### 2. Case No. 37-2007-76023

On October 1, 2007, Bernier filed a complaint against Jessie, ICS, and American Contractors Indemnity Company for breach of an oral contract, recovery of compensation paid to an unlicensed contractor, and claim on a contractor's license bond ("case 76023"). Requests for Judicial Notice, Exhibit 18. The alleged contract pertained to the Maury

Property remodel.  *Id.*  Jessie, ICS, and the Indemnity Company filed a cross-complaint against Bernier.  *See* Requests for Judicial Notice, Exhibit 19 at 3.  The case went to trial on April 6, 2009, and the matter was submitted on April 16, 2009.  *Id.* at 2.  In a statement of decision, Judge Nevitt found the key evidence and court's findings as follows:

> During trial, the Court listened carefully to each witness, observed their demeanor and weighed their credibility.  The least credible witnesses were the two individual parties, Ms. Bernier and Mr. [Jessie] Croteau.  Each of them lacked credibility.  Observing the demeanor of Ms. Bernier and Mr. Croteau on the witness stand, considering their testimony in light of the documentary evidence and the testimony of other witnesses, and considering the inconsistencies and, in some instances, the improbabilities, in their testimony, the Court does not believe either of them.
>
> Neither side established any cause of action.  It is undisputed there was some arrangement that caused remodeling work to be done at Ms. Bernier's house.  However, neither side established what that arrangement was.  The two individuals who know what the arrangement was, Ms. Bernier and Mr. Croteau, were not credible.  The stories told by Ms. Bernier and Mr. Croteau were both false.  Mother and son each seemed to be trying to tell a more convincing set of lies than the other one.  Even considering the testimony of third-party witnesses who were generally more credible than Ms. Bernier and Mr. Croteau, the Court has been left to guess what the true arrangement was that caused remodeling work to be done at Ms. Bernier's house.

*Id.* at 2-3.  Accordingly, Judge Nevitt entered judgment for defendants on the complaint and for cross-defendant (Bernier) on the cross-complaint.  Requests for Judicial Notice, Exhibit 20 at 2.

### 3.	*Case No. 37-2008-87054*

On May 2, 2008, Hans filed a complaint for intentional misrepresentation and breach of an employment contract against Jessie and ICS ("case 87054").  Requests for Judicial Notice, Exhibit 27.  In March of 2007, Hans allegedly contracted with Jessie to perform construction related work on the Maury Property.  *Id.* at 3.  On May 2, 2007, Hans allegedly severely injured his left foot while working.  *Id.*  Jessie and ICS allegedly fraudulently told Hans there was no worker's compensation insurance for his injury.  *Id.*

at 3-4. Thus, Hans paid for his own medical treatment. *Id.* Hans also alleged he was owed past wages from Jessie. *See generally, id.* The court held a bench trial and, on August 30, 2010, Judge Oberholtzer entered judgment awarding nothing to Hans and awarded costs to Jessie. Requests for Judicial Notice, Exhibit 28. Judge Oberholtzer summarized the proceedings as follows:

> The court, having heard the witnesses, reviewed admitted exhibits, heard the testimony and, most importantly, assessed the credibility of the witnesses, granted Jessie's motion for judgment after Hans had rested.
>
> Trial was to determine if Hans was owed past wages from Jessie. Hans lived with the parties' mother, Rejeanne Bernier, and had agreed with her any work he did on a remodel of their house would be a credit on what he owed to her. Jessie, a general contractor, would undertake the construction, and agreed to credit his mother's invoice for the work performed by Hans at $20 per hour.
>
> Two issues were presented: (1) Was Hans an employee of Jessie's company or Jessie personally, and (2) how much credit should Bernier receive for work performed by Jesse [sic] under the contract between Bernier and Jessie.
>
> Hans' status as Jessie's employee is pending before the Workers' Compensation Appeals Board because of Hans' application for benefits from an injury at the work site. The court therefore abated this issue on its own motion.
>
> The court found no contract had been formed between Jessie and Hans, but that each was performing on their respective contracts with Bernier. The court further found Hans was a third-party beneficiary of the contract between Jessie and Bernier, and could bring the breach of contract cause against Jessie on that basis. However, in an earlier trial between Bernier and Jessie, *Rejeanne Bernier v. Jocelyn Gabrial Croteau*, SDSC Case No. 2007-076023-CTL, a court found Bernier and Jessie owed one another nothing from the construction work and remodel, and judgment was entered accordingly. Therefore, because no money was due to Jessie from Bernier, no credit could be applied, and Hans' suit enforcing that contract is barred.
>
> The court found neither Hans nor Jessie to be reliable witnesses.

*Id.* at 1-2.

### 4. *Case No. 37-2010-00083059*

On January 4, 2010, Bernier filed a complaint ("case 83059") for legal malpractice against Curtis Herron, Eugene Kinsey, Edward W. Freedman, and Eugene Kinsey, Inc.

for their representation of Bernier in case 76023. Requests for Judicial Notice, Exhibit 39. The court granted Defendant Edward Freedman's motion for summary judgment on April 15, 2011, and found Bernier's claims failed as a matter of law. Requests for Judicial Notice, Exhibit 40. The court recorded judgment as follows for the remaining defendants: "for Eugene E Kinsey Inc; Herron, Curtis; Kinsey, Eugene E and against Bernier, Rejeanne for . . . a grand total of $0.00." *Bernier v. Herron*, 37-2010-83059-CU-PN-CTL, Register of Actions No. 217 (Nov. 14, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml.

### 5. *Case No. 10cv1698-LAB (POR)*

On August 12, 2010, Bernier and Hans initiated a civil rights action pursuant to 42 U.S.C. § 1983 ("case 1698"). Requests for Judicial Notice, Exhibit 1. Specifically, Plaintiffs alleged "Ten (10) Counts of a Conspiracy to Violate plaintiffs' Civil Rights, and for a Declaratory Judgment that California's Vexatious Litigant Statute be held Unconstitutional under the First, and Fourteenth Amendments to the United States Constitution." *Id.* at 2. The allegations indicated that Jessie inspected and attempted to repair air and water leaks in Bernier's pool at the Maury Property. *Id.* at 12. In 2006 and 2007, Jessie also agreed to remodel the Maury property, including a room over the garage, the exterior deck over the new room addition, expansion of the front entryway, reorganization of the stairwell, expansion of the kitchen, and a backyard balcony on the second story. *Id.* at 13. Jessie demolished and dumped the main roof of the property, and then went on vacation in Mexico before completing the project. *Id.* at 14-15. While Jessie was on vacation, the property sustained water damage from a rain storm. *Id.* Thereafter, Jessie abandoned the project. *Id.* Hans alleges that he worked on the remodeling project and was not paid for all of his work. *Id.* at 14. Subsequently, Plaintiffs filed several lawsuits against several defendants. *See generally, id.* Plaintiffs alleged that all private co-conspirator defendants wrongfully communicated to various courts and agencies that Plaintiffs were vexatious litigants and/or were subject to pre-filing orders. *See id.*

Defendants filed a motion to strike the First Amended Complaint and a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Bernier, et al. v. Croteau, et al.*, No. 10cv1698-LAB (POR), Doc. Nos. 20, 26, 27, 30. District Judge Larry A. Burns set a hearing date on both motions for November 29, 2010. *Id.* On November 18, 2010, after briefing on the motions completed, Judge Burns indicated that "the Court has serious concerns about the merits of Plaintiffs' case," took the hearing date off calendar and stayed the motions pending further direction from the Court. *Id.*, Doc. No. 33. Thereafter, Plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. *Id.*, Doc. No. 34. Judge Burns dismissed the action with prejudice, despite that voluntary dismissals under Rule 41 are typically without prejudice. *Id.*, Doc. No. 35. In support, Judge Burns found Plaintiffs claims to be meritless, noting that Plaintiffs have already been labeled as vexatious litigants in state court. *Id.* Plaintiffs appealed and the Ninth Circuit vacated the dismissal, noting that it should have been dismissed without prejudice. *Id.*, Doc. No. 45.

### 6. Case No. 11cv78-JLS (RBB)

This case ("case 78") was removed to the United States District Court for the Southern District of California on January 14, 2011. The following facts are taken from District Judge Janis L. Sammartino's order granting Defendant Travelers' motion for summary judgment:

> It all started in the summer of 2007, after a heavy rain. Plaintiff Rejeanne Bernier ("Bernier") was in the middle of renovations to her home in San Diego, where she lived with her son, Hans. These renovations were being performed by her other son, Intervenor Jessie Croteau ("Jessie"), and his construction company ICS Professional Services, Inc. ("ICS"). After the rain storm, Bernier initiated a claim for rain damage with her insurer, Defendant Travelers Property Casualty Insurance Co. ("Travelers"), a Connecticut corporation headquartered in Hartford Connecticut. Travelers began investigations to assess the extent and cause of the damage, under the claim number UMZ7908. At some time during this investigation, Travelers had conversations with Jessie regarding his knowledge of and potential responsibility for the damage. Travelers' investigation revealed some evidence that damage had already been done prior to the rain incident, as well

as questions about possible contributing factors to the damage—specifically, that the property was roofless at the time of the rain storm due to incomplete construction.  Plaintiff alleges Travelers denied her rain incident claim, but Travelers states it paid the claim to Bernier and further considered the idea of seeking subrogation from Jessie and/or ICS, but ultimately decided not to do so.

Fast forward to November 2009, past a few lawsuits between Bernier and Jessie in state court to when Bernier filed another claim with Travelers for damage to her home.  It seems this claim arose out of the same "rain" damage, but Bernier now had reason to believe the damage was actually caused by "malicious mischief" or vandalism by Jessie.  Travelers assigned Bernier's malicious mischief claim the number HAY7166.  Bernier claims Travelers failed to investigate this claim diligently, instead summarily denying it with an "exact repetition" of the original denial.  And here there is no disagreement that Travelers denied this claim in a letter dated December 14, 2009.

On October 29, 2010, Bernier filed the instant breach of contract action in San Diego Superior Court against Travelers and "Does 1 through 20" based on the denial of this malicious mischief claim.  The Complaint asserts three causes of action under state law: (1) breach of contract; (2) breach of the implied obligation of good faith and fair dealing ("bad faith"); and (3) breach of contractual confidentiality.  Under these theories, she seeks compensation for Travelers' failure to pay her second insurance claim, including future construction costs, and for its alleged breach of confidentiality in divulging her confidential information to Jessie.  She further seeks damages for other harm she incurred "in relation to this entire incident," including attorney's fees, mental suffering and emotional distress, and punitive damages. Travelers removed the case to this Court on January 14, 2011, asserting jurisdiction based on diversity of citizenship.  Since then, there have been almost endless discovery disputes and other delays.

*Bernier v. Travelers Property Casualty Insurance Company, Inc.*, No. 11cv78-JLS (RBB), Doc. No. 78 at 2-3 (internal footnotes omitted).  Judge Sammartino found that Bernier's breach of contract and bad faith claims under the Travelers Policy were untimely and that she failed to give Travelers "immediate notice" of the loss as required by the Policy.  *Id.* at 23.  Accordingly, the court found Bernier's breach of contract and bad faith claims barred as a matter of law.  *Id.*  The court also found Bernier's breach of confidentiality claim failed as a matter of law because Travelers' policy did not contain

any confidentiality provisions and Travelers did not reveal any personal or privileged information. *Id.* at 22-25. Plaintiffs strongly disagree with the outcome of this case, calling the order granting Traveler's motion for summary judgment "factually incorrect, inappropriate, condescending and spiteful." Vex. Oppo. at 25. However, the Ninth Circuit affirmed the Court's decision to grant Travelers' motion for summary judgment, noting that there is "ample support in the record" supporting the district court's decision. *Bernier v. Travelers Property Casualty Insurance Company, Inc.*, No. 11cv78-JLS (RBB), Doc. No. 111 at 2.

### 7. *Case No. 37-2011-91919*

On May 25, 2011, Jessie and ICS filed a complaint for malicious prosecution and defamation against Bernier and Hans in the San Diego Superior Court. Requests for Judicial Notice, Exhibit 6. Jessie and ICS alleged that they remodeled the Maury Property in late 2006 and early 2007. *See id.* Thereafter, Bernier and Hans allegedly filed several lawsuits against Jessie, ICS, and others, resulting in Jessie and ICS' initiation of a malicious prosecution and defamation lawsuit against Bernier and Hans. *See id.* Bernier filed a cross-complaint for malicious prosecution, elder abuse, indemnity and contribution. *See* Requests for Judicial Notice, Exhibits 7-10. The court found that Bernier could not show a probability of prevailing on the merits and cross-defendants' demurrers were sustained without leave to amend. *Id.*; Requests for Judicial Notice, Exhibit 30.

### 8. *Case No. 37-2011-97017*

On August 29, 2011, Bernier filed a complaint for legal malpractice, breach of fiduciary duty, breach of contract, fraud, and elder abuse against Alicia I. Dearn and the Dearn Law Group, Inc ("case 97017"). Requests for Judicial Notice, Exhibit 29. Bernier hired Ms. Dearn and the Dearn Law Group, Inc. to represent her in case 83059. *Id.* at 3. "The gravamen of this lawsuit is legal malpractice against attorney Alicia Dearn that represented plaintiff in an attorney malpractice [lawsuit] against other attorneys, Freedman, Kinsey and Herron." Requests for Judicial Notice, Exhibit 30. Bernier

specifically alleged that Alicia Dearn is responsible for the dismissal of the underlying action against Freedman, Kinsey, and Herron. *See* Requests for Judicial Notice, Exhibit 29. On June 9, 2014, Judge Pressman found Bernier to be a vexatious litigant with no reasonable probability of prevailing, stating that "plaintiff repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." *Id.* at 2. Accordingly, Judge Pressman required Bernier to furnish security in the amount of $100,000 and entered a pre-filing order prohibiting her from filing new litigation without approval. *Id.* at 3. Judge Pressman concluded that "Plaintiff's vexatious pattern of litigation, including her attempts to delay the resolution of this matter by failing to comply with discovery orders, bad-faith bankruptcy stays, improper court filings and failure to appear at noticed hearings, warrant such an order." *Id.*

Bernier moved for reconsideration of Judge Pressman's order declaring her to be a vexatious litigant. Requests for Judicial Notice, Exhibit 44. On reconsideration, Judge Wohlfeil noted that "a litigant may be found vexatious for commencing five actions (other than small claims) that have been finally determined adversely to the litigant in the preceding years" and that Judge Pressman's order identified seven cases. *Id.* at 2. Accordingly, Judge Wohlfeil denied Bernier's motion for reconsideration. *Id.*

### 9.    *Case No. 37-2011-97016*

On August 29, 2011, Bernier filed a complaint ("case 97016") for breach of contract, accounting, money had and received, and unjust enrichment against Royal Electric, Inc. ("Royal"). Requests for Judicial Notice, Exhibit 31. Bernier alleged that Royal was a subcontractor who was hired for electrical work on the 2007 remodel of the Maury Property. *Id.* at 2-3. Royal and Bernier allegedly agreed to electrical work amounting to $23,784 with a 29.32% deposit, which allegedly violates California Business and Professions Code § 7159(d). *Id.* at 3. From August 17, 2007 until September 5, 2007, Bernier alleged that Royal did not provide any electrical work on the property. *Id.* On September 5, 2007, the general contractor (Jessie and ICS) abandoned

the project. *Id.* As a result, Bernier prayed for return of the deposit (totaling $6,975), plus interest. *Id.* at 6. On September 17, 2014, Judge Pressman noted that Bernier had been deemed a vexatious litigant in case 97017, found no reasonable probability that Bernier would prevail in this action as they were previously litigated in case 76023, required Bernier to furnish security in the amount of $86,500 within 15 days of the court's order, and stayed the case until the security is posted. Requests for Judicial Notice, Exhibit 32. The court dismissed the action with prejudice upon Bernier's failure to furnish security. *Bernier v. Royal Electric, Inc.*, 37-2011-97016-CL-BC-CTL, Register of Actions Nos. 127-33 (Nov. 14, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml.

### 10. *Case No. 37-2011-00097681*

On September 9, 2011, Bernier filed a legal malpractice complaint ("case 97681") against Edward W. Freedman, who represented her in the malicious prosecution action brought by South Coast, case 72488. Requests for Judicial Notice, Exhibit 25. Specifically, Bernier alleged that Mr. Freedman committed legal malpractice by not advising her to tender the South Coast defense to Travelers under her policy with them. *Id.* at 4. The case settled for $57,200. Requests for Judicial Notice, Exhibit 49. Mr. Freedman explained that he had "numerous defenses," but "opted to continue with settlement negotiations as a more economic [sic] alternative than trying the case and potentially having to handle an appeal and defend further cases." *Id.* On August 14, 2012, Bernier filed a request for dismissal with prejudice. Requests for Judicial Notice, Exhibits 26, 49; Vex. Mtn at 9.

### 11. *Case No. 37-2011-00101949*

On April 9, 2012, Bernier filed an amended complaint for legal malpractice and negligent infliction of emotional distress against Parker Stanbury, LLP ("case 101949"). Requests for Judicial Notice, Exhibit 33. Bernier alleged that in September 2009, she contracted with Prepaid Legal services, Inc. ("PPL") for legal advice. *Id.* at 2. PPL allegedly assigned Parker to provide Bernier with legal advice "concerning the

28

entanglement of several pre-existing litigations related to plaintiff's home improvement disputes." *Id.* at 2-3. Specifically, Bernier sought to pursue a malicious prosecution action against Jessie and his former attorneys for the breach of contract action and a legal malpractice action against her former attorneys, Freedman, Herron, and Kinsey. *Id.* at 4. Parker referred Bernier to a professional malpractice attorney, Joseph M. Aliberti, who filed suit against Freedman, Herron, and Kinsey on Bernier's behalf. *Id.* Mr. Aliberti declined to represent Bernier in a malicious prosecution action against Jessie. *Id.* Bernier went back to Parker, who referred attorneys specializing in malicious prosecution. *Id.* at 5. However, none of those attorneys wanted to handle Bernier's malicious prosecution action. *Id.* Bernier alleges that none of the attorneys she spoke to informed her that she had only one year to sue Jessie's former attorneys and two years to sue all anticipated defendants to her malicious prosecution action. *Id.* On May 26, 2011, Jessie sued Bernier for malicious prosecution and Bernier cross-complained against Jessie and his former attorneys. *Id.* On November 4, 2011, the court granted Jessie's former attorneys' demurrer to Bernier's malicious prosecution cross-complaint based upon the one year statute of limitations. *Id.* Accordingly, Bernier sought damages for the failure of counsel to properly advise her about the statute of limitations. *See generally, id.* On September 28, 2012, Judge Lewis sustained Parker's demurrer without leave to amend and entered judgment against Bernier. Requests for Judicial Notice, Exhibit 34.

### 12.    *Case No. 37-2011-00102822*

On August 30, 2012, Bernier filed a second amended complaint for breach of insurance contract, breach of the implied covenant of good faith and fair dealing, breach of implied warranty, negligence, and disgorgement against Travelers and several contractors for the 2007 Maury Property remodel—Fred Charles Barnhart, Michael Maung, and Daniel Clifford Niemira ("case 102822"). Requests for Judicial Notice, Exhibit 41. Bernier alleged that Travelers was required to indemnify her for the rain damage to the Maury Property. *Id.* at 4. Bernier's civil engineer reported that the damage was the direct result of storm damage and indicated that there was damage to the

stucco of her home. *Id.* at 5. Travelers then denied Bernier's claim because damage to the stucco was not covered by the policy. *Id.* Bernier argued the damage was separate and underneath the stucco and, therefore, covered by the policy. *Id.* Travelers also denied Bernier's claim on the grounds that the home was in an "unfinished condition." *Id.* Bernier alleged that Travelers failed to continue its obligations in good faith and to fully consider all facts and information and accept Bernier's claim. *Id.* In September 2011, Travelers refused, allegedly in bad faith, to renew Bernier's property insurance policy due to the unrepaired damage to the Maury Property. *Id.*

Travelers filed a demurrer and motion to strike the punitive damages sought in the second amended complaint. *See* Requests for Judicial Notice, Exhibit 45. Three days prior to the hearing on the motions, Bernier requested the case be dismissed without prejudice as to Travelers only. *Id.* On May 6, 2014, the court dismissed the second amended complaint without prejudice as to Travelers. *Id.*; Requests for Judicial Notice, Exhibit 45. On March 4, 2015, the court granted Bernier's request to dismiss without prejudice the amended complaint as to Niemira. *Bernier v. Travelers Property Casualty Insurance Company, Inc.*, 37-2011-102822-CU-BC-CTL, Register of Actions nos. 333-34 (Nov. 14, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml. On March 6, 2015, judgment was entered in favor of Bernier by way of default against Barnhart for $195131.22 and against Maung for $26,850.20. *Id.*, Register of Actions nos. 335-41.

### 13. *Case No. 12-12593-MM13 Adversary Proceedings re Stay*

On September 13, 2012, Bernier filed a voluntary Chapter 13 Bankruptcy petition in the United States Bankruptcy District Court for the Southern District of California. *See* Requests for Judicial Notice, Exhibit 52. The Bankruptcy Court issued an automatic stay of all Bernier's pending cases. *See id.* On October 5, 2012, Jessie and ICS filed for relief from the automatic stay entered pursuant to Bernier's filing for Bankruptcy. *Id.* On December 11, 2012, the Bankruptcy Court explained at a hearing that it would grant the motion, stating that "it's a positive outcome for the estate. . . . because this bankruptcy estate is being benefited by the elimination of a significant claim against it

because it's being paid by the insurance." Requests for Judicial Notice, Exhibits 53 at 6-8, 54. On December 17, 2012, Bernier commenced adversary proceedings for Jessie's, ICS', and Travelers' violation of an automatic stay relating to claims against Travelers for wrongfully settling case 91919. Requests for Judicial Notice, Exhibit 35.

On December 20, 2012, the Bankruptcy Court granted Jessie and ICS' motion for relief from the automatic stay. Request for Judicial Notice, Exhibit 54. Bernier filed an emergency *ex parte* motion and objection to the Court's order for relief from the stay, requesting the court delay the effect of the order until a hearing on Bernier's motion for stay pending appeal. *See* Requests for Judicial Notice, Exhibit 55 at 1. On December 21, 2012, the Bankruptcy Court found no good cause to delay the order granting relief from the stay and denied Bernier's *ex parte* motion. *Id.* at 2-3. On March 21, 2013, the Bankruptcy Court dismissed the case without prejudice. Requests for Judicial Notice, Exhibit 36.

### 14. *Case No. 12-12593-MM13 Adversary Proceedings re Attorney Fees*

On January 7, 2013, Bernier commenced adversary proceedings for disgorgement of attorney's fees, legal malpractice, and breach of fiduciary duty against Derik Roy and Roylaw P.C. relating to case 97681, her Chapter 13 bankruptcy petition, and other cases. Requests for Judicial Notice, Exhibit 37. Specifically, Bernier alleged that she retained attorneys Roylaw, P.C. and Derik Roy to file and maintain a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Southern District of California and paid them $6,600 to do so. *Id.* at 3. Bernier alleged that her attorneys advised her to lose all of her state court litigations. *Id.* at 4. Additionally, Mr. Roy failed to oppose, and instead authorized without her consent, disputed creditors Jessie and ICS' motion for relief from the automatic bankruptcy stay in order to consummate a settlement between them and Travelers. *Id.* Bernier alleged this constituted legal malpractice and breach of fiduciary duties owed to her by Mr. Roy and Roylaw P.C. *Id.* Accordingly, Bernier sought disgorgement of the $6,600 she paid Mr. Roy and Roylaw P.C. to file and maintain the bankruptcy petition and additional monetary damages. *Id.* On May 7, 2013,

31

the Bankruptcy Court dismissed the case without prejudice, dismissed all related adversary proceedings that were then pending, and vacated any stays that were then in effect. Requests for Judicial Notice, Exhibit 38.

### 15.  *Case No. 37-2013-00058680*

On March 6, 2014, Bernier and Hans filed a First Amended Complaint against Jessie, ICS, Travelers, and Does 1 through 100 in the San Diego Superior Court. Requests for Judicial Notice, Exhibit 11.  Plaintiffs alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and sought declaratory judgment and to set aside a judgment obtained by extrinsic fraud from case 76023.  *Id.*  Plaintiffs alleged that the judgment was procured by extrinsic fraud and "caused and continues to cause severe inequity in Bernier's pending related cases which all stem from the facts of this same Construction Case." *Id.* at 5.  Specifically, Plaintiffs allege that in 2005, Jessie recommended a swimming pool contractor to repair Bernier's swimming pool.  *Id.*  The recommended contractor's work was substandard and Jessie tried to repair Bernier's swimming pool and wrote a surety bond report to claim that pool's contractor's surety on behalf of Bernier.  *Id.*  This triggered an interpleader lawsuit (referenced in case 72488) and Bernier cross-complained against the recommended pool contractor.  *Id.*  Plaintiffs then summarize all the lawsuits previously summarized in this order.  Plaintiffs also summarized additional lawsuits as follows:

Plaintiffs alleged that Jessie and ICS sued their insurer on September 18, 2009 for failure to defend them in the construction case.  *Id.*  The case allegedly settled and Jessie received at least $75,000.  *Id.*

On March 5, 2012, Jessie and ICS threatened to, and eventually did, file a complaint in intervention in each of Bernier's proceedings.  *Id.* at 13.  Bernier alleged that Jessie and ICS contacted the insured parties opposing Bernier in each of her cases with an offer to join Jessie's "attack" on Plaintiffs, including the following cases: (1) case 102822; (2) case 97681; (3) case 97017; and (4) case 97016.  *Id.* 13-14.  Bernier also explained that, at the time of filing the complaint, she still had the following pending

matters: (1) a small claims disgorgement lawsuit against her first bankruptcy attorney; (2) a Ninth Circuit appeal in her original case against Travelers; and (3) an appeal before the California Court of Appeal in the malicious prosecution action. *Id.* at 14. Also in 2011, Plaintiff Bernier sued Travelers for breach of insurance contract and bad faith (case 78). *Id.* at 12.

On March 21, 2013, Bernier filed a claim with Jessie's and ICS' insurance company, UCIC, for damages caused by ICS' improper installation of her property's sewer in 2007. *Id.* UCIC denied Bernier's claim based on the "corrupt" vexatious litigant judgment. *Id* at 16.

During the bankruptcy stay on January 16, 2014, Jessie alleged that Hans vandalized his property and obtained a temporary restraining order against Hans. *Id.* Jessie also charged Hans for the clean-up bill and summoned him to defend "this purported domestic violence accusation in Family Court." *Id.*

On January 30, 2015, Judge Strauss filed tentative rulings on Travelers' motion to declare Plaintiffs as vexatious litigants and to post security, or in the alternative, to dismiss the first amended complaint in case 58680. Requests for Judicial Notice, Exhibit 12. Judge Strauss tentatively granted the motion, finding Plaintiffs are vexatious litigants under California Code of Civil Procedure § 391(b)(1) and "that there is no reasonable probability that Plaintiffs will prevail on their claims for breach of contract, breach of implied covenant of good faith and fair dealing, and/or declaratory relief." *Id.* Specifically, Judge Strauss found that:

> [t]o the extent that Plaintiffs' claims are based on Defendant's [Travelers'] settlement of [case 91919] under the policy Defendant had the right to settle any claim or suit it decided was appropriate up to policy limits without Plaintiffs' consent. . . . To the extent that Plaintiffs' claims are based on the failure to provide a defense to Plaintiff(s) in earlier actions (Superior Court Case Nos. 2007-76023 and 2007-72488) a duty to defend does not arise until there is a tender of defense by the insured. . . . Thus, Defendant had no obligation or duty to defend Plaintiffs in those cases. . . . To the extent that Plaintiffs base their claims on Defendant's decision not to renew Plaintiffs' policy, the insurer has no obligation to renew a policy of insurance. . . . To

the extent that Plaintiffs' claims are based on Defendant's denial of the malicious mischief claim it is barred by res judicata/collateral estoppel as it was previously litigated in *Bernier v. Travelers Prop. Cas. Ins. Co., Inc.* (Case No. 11-CV-78 JLS (RBB)), and summary judgment was granted in favor of Defendant.

*Id.* (internal citations omitted). Judge Strauss required Plaintiffs to each furnish security, which they failed to do. Accordingly, judgment was entered in favor of Jessie, ICS, and Travelers. Requests for Judicial Notice, Exhibit 13.

### 16. Case No. 37-2014-00011015

On April 10, 2014, Bernier and Hans filed a complaint against Jessie, ICS, Patrick Howe, and Does 1 through 10, alleging breach of contract ("case 11015"). Requests for Judicial Notice, Exhibit 14. Plaintiffs, who were defended by Travelers in case 91919, allege that Jessie and ICS filed the malicious prosecution case arising out of issues with the 2007 remodel of the Maury Property. *See generally, id.* On December 24, 2012, Jessie, ICS, and Travelers confidentially contracted to settle case 91919, in which Jessie and ICS agreed to waive liability for all potential claims they had or might have against Plaintiffs based on events occurring prior to the contract. *Id.* at 5. Jessie and ICS also allegedly agreed to not "collaborate with, assist, encourage, promote, aid, or file further actions against Bernier and H[ans] based on any conduct preceding the date of execution of the Confidential Contract," and waived any and all future claims against Plaintiffs based upon any pending or future actions. *Id.* Plaintiffs alleged that Jessie, ICS, Howe, and Does 1 through 10 breached the confidential contract in three court actions: (1) Bernier's bankruptcy dismissal and dismissal following re-filing for bankruptcy; (2) revealing the confidential contract in a civil case which was then pending on appeal; and (3) the domestic violence action asserted by Jessie against Hans. *Id.* at 6-7. The Court struck Plaintiffs' complaint and entered judgment in favor of Jessie, ICS, and Mr. Howe.

### 17. Case No. 37-2015-00038886

On November 19, 2015, Jessie and ICS filed suit ("case 38886") against Glenn T. Rosen, the Rosen Law Firm, and Does 1 through 20 for malicious prosecution in

representing Plaintiffs in cases 11015 and 58680.  Requests for Judicial Notice, Exhibit 16.  Hans attempted to intervene, but the court denied his request because he is a vexatious litigant.  Requests for Judicial Notice, Exhibit 17.  The case went to trial, and on November 3, 2017, judgment was entered for Jessie and ICS against Glenn Rosen and the Rosen Law Firm for a total amount of $529,384.84.  *Croteau v. Rosen*, 37-2015-38886-CU-NP-CTL, Register of Actions no. 190 (Nov. 13, 2017), https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml.

### D. *Narrowly Tailored Order*

"[P]re-filing orders must be narrowly tailored to the vexatious litigant's wrongful behavior."  *Ringgold-Lockhart*, 761 F.3d at 1066 (internal quotation marks and citation omitted).  A narrowly tailored order should restrain the "plaintiff[s] from filing only the type of claims [they] had been filing vexatiously."  *Id.* (internal quotation marks and citation omitted); *see also Molski*, 500 F.3d at 1061.  Further, "[w]hile no federal statute authorizes security for costs, the District Courts may make their own rules not inconsistent with the Federal Rules of Civil Procedure."  *Russell v. Cunningham*, 233 F.2d 806, 811 (9th Cir. 1956) (citing Fed. R. Civ. P. 83).  The Southern District of California's Civil Local Rule 65.1.2(a) permits the Court "upon demand of any party, where authorized by law and for good cause shown, require any party to furnish security for costs which may be awarded against such party in an amount and on such terms as are appropriate."  S.D. Cal. Civ. L.R. 65.1.2(a); *see also Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir. 1983) (holding that a district court did not abuse its discretion in ordering litigant to post security bond under local rules).

Here, Travelers requests the Court require Plaintiffs to obtain the Court's permission to "file any further pleadings pertaining only to the Travelers policy" or require "Plaintiffs to [each] furnish $50,000 security for being allowed to proceed with this action only."  Vex. Mtn at 18; Vex. Reply at 7.  Counsel for Travelers, Joyce C. Wang of Carlson, Calladine & Peterson LLP ("CCP"), declares that "[a]s of July 7, 2017, CCP has incurred more than $50,000 in billed and unbilled (work in progress) attorneys'

fees and costs defending this case" related to the motion to dismiss, vexatious litigant motion, and in reviewing Plaintiffs' prior litigation files. Wang Decl. at 1-3. Ms. Wang also anticipates "that [her] client will incur substantially more than $50,000 in additional attorneys' fees and costs to litigate and try this case, which will include: (1) a motion for judgment on the pleadings; (2) a motion for summary judgment; (3) depositions of Bernier and Croteau; (4) trial preparation; and (5) trial." *Id.* at 3-4. Travelers states that this is narrowly tailored because it only impacts Plaintiffs' ability to proceed with the instant action. Vex. Mtn at 18.

The Court agrees that this is narrowly tailored and enjoins Plaintiffs from filing any new action in the United States District Court for the Southern District of California which pertain to Travelers policy no. 976025623 without first obtaining leave of the Court. In addition, the Court requires Plaintiffs to each post a bond in the amount of $50,000 to be applied toward the fees and costs incurred by Travelers should the instant lawsuit proceed and Travelers' prevail, or to be returned to Plaintiffs should they prevail.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Travelers' motion to dismiss as follows:

1. The Court **DENIES** Travelers' motion to dismiss Plaintiffs' improper settlement claims; and

2. **GRANTS** Travelers' motion to dismiss and **DISMISSES** Plaintiffs' failure to defend claims without leave to amend.

Additionally, the Court **GRANTS** Travelers' motion re: vexatious litigants as follows:

1. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiffs Rejeanne Bernier or Hans Croteau which pertain to Travelers Property Casualty Insurance Company Policy no. 976025623. If Plaintiffs wish to file a complaint, they must provide the court with an application for the pre-filing order, which must be supported by a declaration from Plaintiffs made under penalty of perjury that: (a)

they have not previously brought a lawsuit arising out of the same set of facts or the same transactional nucleus of facts asserted in the new complaint or, if they have previously brought such a lawsuit, the claims asserted in that lawsuit were not previously dismissed with prejudice; (b) that the claims they seek to assert are neither frivolous nor brought in bad faith; and (c) that prior to filing they conducted a reasonable investigation of the facts and law, and that they support their claims. Plaintiffs must also attach a copy of this Order to the application. The Clerk shall then forward the complaint, letter, and copy of this Order to a reviewing Judge for a determination of whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiffs to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied;

2. **IT IS FURTHER ORDERED** that Plaintiffs each post a bond in the amount of $50,000 on or before **January 5, 2018** to be applied toward the fees and costs incurred by Travelers should the instant lawsuit proceed and Travelers prevail, or to be returned to Plaintiffs should they prevail. If no bond is posted by that date, this action will be dismissed; and

3. The matter is **STAYED** pending Plaintiffs' posting of bond.

**IT IS SO ORDERED**.

Dated: November 29, 2017

Hon. Michael M. Anello
United States District Judge