**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REJEANNE BERNIER, an individual, and HANS CROTEAU, an individual,<br><br>                              Plaintiffs,<br>v.<br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, et al.,<br><br>                             Defendants. | Case No.: 17cv1028-MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>[Doc. Nos. 14, 15] |

    Before the Court is Plaintiff Rejeanne Bernier's ("Bernier") and Plaintiff Hans Croteau's ("Hans") motions for leave to proceed *in forma pauperis* ("IFP") on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(1). Doc. Nos. 14, 15. Having considered Plaintiffs' motions, the relevant law, and the record in this case, the Court **GRANTS** Plaintiffs' motions.

### PROCEDURAL BACKGROUND

    On May 18, 2017, Plaintiffs, proceeding *pro se*, commenced this action by filing a complaint for breach of contract and breach of the covenant of good faith and fair dealing. Doc. No. 1. Pursuant to receipt number CAS091226, Plaintiffs paid the $400.00 filing fee. *Id.* On June 12, 2017, Defendant Travelers Property Casualty Insurance

Company ("Travelers") filed a partial motion to dismiss Plaintiffs' complaint on the grounds that some of Plaintiffs' claims are barred by *res judicata* and one claim fails to state a claim. *See* Doc. No. 3. On July 7, 2017, Travelers filed a motion to declare Plaintiffs vexatious litigants. *See* Doc. No. 4. Plaintiffs opposed both motions [Doc. Nos. 7, 8] and Travelers replied [Doc. Nos. 9, 10]. On November 29, 2017, the Court granted in part and denied in part Travelers' motion to dismiss and granted Travelers' motion to declare Plaintiffs vexatious litigants. Doc. No. 12. The Court required Plaintiffs to each post a bond in the amount of $50,000.00 to proceed with the lawsuit and entered the following pre-filing order:

> The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiffs Rejeanne Bernier or Hans Croteau which pertain to Travelers Property Casualty Insurance Company Policy no. 976025623. If Plaintiffs wish to file a complaint, they must provide the court with an application for the pre-filing order, which must be supported by a declaration from Plaintiffs made under penalty of perjury that: (a) they have not previously brought a lawsuit arising out of the same set of facts or the same transactional nucleus of facts asserted in the new complaint or, if they have previously brought such a lawsuit, the claims asserted in that lawsuit were not previously dismissed with prejudice; (b) that the claims they seek to assert are neither frivolous nor brought in bad faith; and (c) that prior to filing they conducted a reasonable investigation of the facts and law, and that they support their claims.

*Id.* at 37. On December 29, 2017, Plaintiffs filed a notice of appeal to the Ninth Circuit [Doc. No. 13] and each filed motions for leave to appeal IFP [Doc. Nos. 14, 15].

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] . . . possesses that the person is unable to pay such fees or give security therefor." Under Federal Rule of Appellate Procedure 24(a):

> (1) Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> 
>     (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.

The determination of whether a plaintiff is indigent, and therefore unable to pay the filing fee, falls within the court's sound discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to be eligible for IFP status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The affidavit supporting an IFP motion is sufficient if it alleges facts showing that the plaintiff, because of poverty, cannot pay or give security for court costs and still be able to provide herself and her dependents with "the necessities of life." *Id.* at 339.

## ANALYSIS

After reviewing Plaintiffs' affidavits in support of their motions to proceed IFP on appeal, the Court finds that they have made an adequate showing that they lack the financial resources or assets to pay or give security for court costs and still be able to provide the necessities of life for themselves. Plaintiff Bernier indicates she receives $4,980.87 in retirement, such as social security, pensions, annuities, and insurance, and $1,317.70 in disability, such as social security insurance payments. Doc. No. 14 at 3. However, she specifies that her "retirement is assigned" to her consolidated debts, and therefore her total monthly income is only $1,317.70. *Id.* at 3, 8. She also indicates that she has $15.43 in her checking account and the value of her home is $83,000.00. *Id.* at 5. Plaintiff Bernier states that her total monthly expenses amount to $1,527.75. *Id.* at 6-8. Plaintiff Hans indicates he has no monthly income, owns a 1997 Dodge Caravan valued at $600, and has $400 in monthly expenses. Doc. No. 15 at 3-8. Accordingly, the affidavits supporting Plaintiffs' IFP motions sufficiently show that Plaintiffs cannot pay or give security for court costs and still be able to provide themselves with the necessities

of life.  *See Adkins*, 335 U.S. at 339.  Moreover, Plaintiffs' IFP motions claim an entitlement to redress and specifies the issues they wish to present on appeal.  *See* Doc. Nos. 14, 15; *see also* Fed. R. App. P. 24(a)(1)(B)-(C).  Specifically, Plaintiffs claim the pre-filing order, entered by this Court on November 29, 2017, is not narrowly tailored and is overbroad.  Doc. Nos. 14 at 2, 15 at 2.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motions for leave to appeal IFP.

**IT IS SO ORDERED**.

Dated:  January 2, 2018

Hon. Michael M. Anello
United States District Judge